IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION AT COLUMBUS

| | |
|---|---|
| UNITED STATES OF AMERICA, | : |
| Plaintiff, | : |
| vs. | :    Case No. 2:22cr141 |
| DASHAWN MARQUIS THORNTON, | :    JUDGE MORRISON |
| Defendant. | : |

### DEFENDANT'S SENTENCING MEMORANDUM

Defendant Dashawn Marquis Thornton ("Dashawn") is before the Court for sentencing following his guilty pleas to felon in possession of a firearm and possession with intent to distribute controlled substances. The plea agreement stipulates an imprisonment range of 60 to 90 months. The probation officer has calculated an advisory Guideline imprisonment range of 84 to 105 months.

The Court likely will not be surprised to hear that defense counsel advocates a minimum prison sentence of 60 months. He believes two particular factors justify this request.

The first is extraordinary acceptance of responsibility. This factor is generally defined as contrition and/or cooperation on the part of a defendant that are unusual and are present to a degree that is not adequately taken into consideration by the acceptance of responsibility reduction under U.S.S.C. §3E1.1. *United States v. Lieberman*, 971 F.2d 989,

996 (3rd Cir. 1992) (collecting cases.) Judges in the Sixth Circuit have endorsed the application of this factor in cases involving deserving defendants. *See e.g. United States v. DeMonte,* 25 F.3d 343, 348-50 & 353-56 (6th Cir. 1994); *United States v. Stewart*, 154 F. Supp. 2d 1336 (E.D. Tenn. 2001).

The thoughtful sentencing opinion in *Stewart* is especially relevant due to parallels between the facts of that case and Dashawn's. Defendant Stewart and her two codefendants were prosecuted in federal district court for possession with intent to distribute crack cocaine that was seized by police from a jointly occupied apartment. Stewart pled guilty to the offense even though she had a very strong argument that the search of the apartment was illegal.

Meanwhile one of the codefendants successfully litigated a motion to suppress the drugs. When she learned about the favorable suppression ruling in the codefendant's case, Stewart made no effort to withdraw her guilty plea and pursue a motion to suppress.

The probation officer calculated an advisory Guideline range of 63 to 78 months imprisonment for Stewart. At sentencing, the district judge granted her an eight level downward departure to the 27 to 33 month range. He reasoned that if Stewart had asserted her Fourth Amendment rights, "the government would have faced a very difficult, if not impossible, prosecution." *Id.* 154 F. Supp. 2d at 1341. He concluded:

> Stewart's choice not to assert her Fourth Amendment rights has, arguably made possible what would otherwise have been an impossible task. Thus, the fact Stewart has forgone a meritorious motion to suppress in order to take responsibility for her actions is evidence of extraordinary acceptance of responsibility which takes this case out of the "heartland."

2

*Id.*

The facts leading up to Dashawn's arrest indicate that Columbus SWAT officers were conducting surveillance of his apartment after receiving a tip that William Hawk, an individual with active felony arrest warrants, was inside. When the officer's knocked on the street-level, common entrance door to the apartment building, and announced their presence, Thornton exited the upstairs apartment, went down the stairs, and answered the door.

A bodycam video of the encounter reveals that Dashawn volunteered to assist the officers with their apprehension of Hawk. He yelled upstairs and directed Hawk to surrender to the officers. When Hawk failed to comply, Dashwan escorted the officers up the stairs, opened the apartment door, and allowed the officers inside. He did this despite knowing about the presence of drugs and firearms in the apartment and the likelihood of discovery.

The Supreme Court has held that absent consent or exigent circumstances, police need a search warrant to enter a third party's residence to execute an arrest warrant for a fugitive who does not reside there. *Steagald v. United States*, 451 U.S. 204 (1981). The circumstances of Hawk's arrest did not involve the exigency of hot pursuit. Therefore, the police needed Thornton's consent to enter. Thornton authorized the officers to enter after unsuccessfully trying to persuade Hawk to surrender.

If Dashawn had refused consent to the police entry, he could have exercised his authority to evict Hawk from the apartment. The police then would not have had any basis

3

to enter it lawfully. And if they had not entered and observed drugs in plain view, they would have lacked probable cause to obtain a warrant to search the apartment. Without a search and seizure, there would have been no case against Dashawn.

In many respects, Dashawn's cooperation exceeded that of the defendant in *Stewart*. Stewart made her decision to forgo her Fourth Amendment rights only after arrest and prosecution, whereas Dashawn abandoned a viable illegal search and seizure defense by cooperating with the SWAT officers from the very outset.

Another factor for the Court's consideration is the mitigating circumstance of childhood trauma. The presentence investigation report ("PSR") identifies the nature and source of the abuse endured by Dashawn. (PSR, at ¶¶63, 73) Due to its sensitive nature, the details will not be repeated here.

The symptoms of the trauma went untreated during Dashawn's adolescence. As a young adult, he was diagnosed with post-traumatic stress disorder during a 2016 admission to a behavioral health center to address suicidal ideations. (*Id.* at ¶77) The fact that Dashawn witnessed the shooting of an uncle at the tender age of three likely contributed to this diagnosis. (*Id.* at ¶62)

The PSR reveals that Dashawn has struggled throughout his life due to a disadvantaged and unstable upbringing, and exposure to criminal conduct in his environment. He resorted to frequent drug and alcohol use in an effort to cope with his insecurities and demons. (*Id.* at ¶63) One effort to provide treatment to Dashawn during his adolescence proved insufficient. (*Id.* at ¶64)

On a positive note, Dashawn is a partner in a stable, three-year relationship with a woman who has been providing emotional support for him during this difficult time. (*Id.* at ¶66) Dashawn has also maintained regular contact with his children. (*Id.* ¶63)

Dashawn has not offered flimsy excuses for his criminal conduct. He has taken ownership of his wrongdoing from the beginning. He told his attorney at the outset that he wanted to plead guilty. In fact, Dashawn surprised everyone when he said "guilty" in response to the magistrate's judge's question – "how do you plead" – at his arraignment.

Dashawn intends to make the most productive use of his time in confinement, and to take advantage of the educational and vocational opportunities in the institution. He recognizes that he must address his drug abuse and that he could benefit from counseling and treatment.

Defense counsel believes his client has the ability and commitment to turn his life around and become a productive and law-abiding member of society, a faithful partner for his girlfriend, and an attentive and loving father to his children. He is confident that this Court will take all relevant factors into account with the ultimate goal of imposing a sentence that is no greater than necessary to effectuate to the objectives of federal sentencing. In counsel's estimation, the magic number is 60 months.

s/Dennis C. Belli<br>
DENNIS C. BELLI (0025216)<br>
536 South High St. Fl. 2<br>
Columbus, Ohio 43215-5785<br>
Tel. : (614) 300-2911

Fax : (888) 901-8040  
E-Mail:  
bellilawoffice@yahoo.com  
ATTORNEY FOR DEFENDANT

## CERTIFICATE OF SERVICE

I hereby certify that I filed this document using the CM/ECF electronic case filing system on 24th day of February, 2023. The system will automatically transmit a Notice of Electronic Filing to the United States Attorney for the Southern District of Ohio.

s/Dennis C. Belli  
DENNIS C. BELLI (0025216)  
ATTORNEY FOR DEFENDANT